UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                         Case No. 17-cr-19-pp

TATYANA WHITMORE,

        Defendant.

**ORDER GRANTING MOTION FOR SECOND COMPETENCY EXAMINATION (DKT. NO. 59), APPOINTING DR. SHERYL DOLEZAL TO CONDUCT THAT EXAMINATION, REQUIRING DEFENDANT TO SCHEDULE AND REPORT FOR AN EVALUATION AND EXAMINATION WITH DR. DOLEZAL, AND REQUIRING THAT DR. DOLEZAL SUBMIT HER REPORT TO THE CLERK'S OFFICE TO BE FILED UNDER SEAL (WITH VIEWING RESTRICTED TO THE PARTIES)**

On May 15, 2018, the counsel for the defendant filed a motion under 18 U.S.C. §4241, asking the court to order a second competency evaluation for the defendant. Dkt. No. 59. The court granted the defendant's first request for a competency examination (dkt. no. 34) on May 25, 2017, and ordered the defendant to submit to a psychological examination and evaluation with Dr. Sheryl Dolezal. Dkt. No. 42.

In a status conference on September 12, 2017, defense counsel informed the court that while the defendant's evaluation showed that she was not competent, the defendant had a restoration plan in place. Dkt. No. 47. Two months later—on November 20, 2017—the court granted the defendant's motion to appoint Behavioral Consultants to conduct the restoration sessions. Dkt. No. 51.

In the current motion, counsel for the defendant indicates that the defendant has undergone four months of classes with Behavioral Consultants, and asks that that the court again appoint Dr. Sheryl Dolezal to conduct a post-restoration competency examination and evaluation of the defendant. Dkt. No. 59.

The court finds that there is reasonable cause to believe that the defendant presently may be suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense. The court will appoint a doctor to examine the defendant; once the doctor files her report, the court will conduct a hearing to determine the mental competency of the defendant under 18 U.S.C. §4241 and 4247(b) and (c).

The court **GRANTS** the defendant's motion for a second competency examination. Dkt. No. 59. The court **APPOINTS** Dr. Sheryl Dolezal to conduct the examination. The court **ORDERS** that the defendant shall submit to a psychological examination and evaluation to determine whether she is suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and the consequences of the proceedings against her, to assist properly in her defense, or whether the defendant was suffering from a mental disease at the time of the offense.

The court **ORDERS** the defendant's counsel to contact Dr. Sheryl Dolezal, a clinical and forensic psychologist whose office is located at North Shore Psychotherapy Associates, 5800 N. Bayshore Dr., #A250 Glendale,

Wisconsin 53217. Dr. Dolezal has consented to perform the evaluation and can meet with the defendant as soon as June 17, 2018. The court previously ordered counsel for the defendant to furnish Dr. Dolezal with a copy of the indictment and relevant report of law enforcement, as well as any school or mental health records. If Dr. Dolezal no longer has those records, the court **ORDERS** that counsel again provide them. The court also **ORDERS** that defense counsel provide Dr. Dolezal with any records from the competency restoration classes that defendant took between the first examination and the present that defendant's counsel may possess or be able to obtain which may bear on the question of whether the defendant suffers from a mental illness or disorder.

Once Dr. Dolezal has completed the examination and evaluation of the defendant, the court **ORDERS** that Dr. Dolezal shall submit her report to the clerk's office in an envelope marked "UNDER SEAL." The court further **ORDERS** that the clerk's office shall docket the sealed report with viewing restricted to the parties. Once Dr. Dolezal has filed her report, the court will schedule a status conference to talk with the parties about whether it will be necessary to hold an evidentiary hearing.

The court **ORDERS** that any period of delay resulting from the examination and evaluation of the defendant is **EXCLUDED** from the Speedy

Trial Act calculation under 18 U.S.C. §3161(h)(1)(A). The court will mail a copy of this order to Dr. Dolezal.

Dated in Milwaukee, Wisconsin this 17th day of May, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**